## NO SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E D N Y

★ JUL 0 2 2012 ★

**BROOKLYN OFFICE**

MIRIAM SPORN on behalf of herself and
all other similarly situated consumers

**CV 12 - 3309**

Plaintiff,

**GLASSER, J.**

-against-

LEADING EDGE RECOVERY SOLUTIONS, LLC

**POHORELSKY, M.J.**

Defendant.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Miriam Sporn seeks redress for the illegal practices of Leading Edge Recovery Solutions LLC in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Chicago, Illinois.

-1-

6.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

8.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### Allegations Particular to Miriam Sporn

10.   Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11.   Within the one year immediately preceding this action, the Defendant left numerous messages on the Plaintiff's answering machine.

12.   The callers failed to identify themselves as debt collectors attempting to collect a debt.

13.   Upon information and belief, said messages were either pre-scripted or pre-recorded.

14.   Defendant has engaged in a pattern of leaving messages without disclosing that the communication is from a debt collector.

15.   The telephone messages are in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the messages were from a debt collector. This constitutes a deceptive practice.

16.   The Defendant, a foreign LLC, filed an application for authority to do business in New

-2-

York with the New York Department of State on a date better known to the Defendant. The Division of Corporations in New York confirmed that as of June 12, 2012, Leading Edge Recovery Solutions, LLC has not filed any affidavit(s) or certificate(s) of publication which leads them to be suspended from doing business in New York.

17.  Foreign LLC's are required to publish their formation, and file proof of publication of their LLC within 120 days of the filing of their application for authority.

18.  At the time of Plaintiff's commencement of the action against Defendant, Defendant has failed to publish, and has failed to file any certificate of publication and failed to file any sort of proof or affidavit of publication, as required by law.

19.  Pursuant to the New York Limited Liability Company Law, the failure to file the certificate of publication results in the suspension of authority to do business in New York State, and a prohibition of bringing any legal proceedings within New York State during the period of noncompliance.

20.  At the time of Plaintiff's commencement of the action against Defendant, Defendant's authority to do business has been suspended.

21.  During the period of noncompliance, Defendant was prohibited from conducting business in New York State.

22.  At the time of the mailing of the collection letters, Defendant's authority to do business had been suspended.

23.  The least sophisticated consumer is unlikely to search and/or to have the ability or knowledge to search Department of State records to determine whether Defendant's authority to do business is suspended.

-3-

24. Doing business in New York when Defendant's authority to do business had been suspended violates numerous statutes, *i.e.* 15 U.S.C. §§ 1692, 1692e, 1692e(2)(a), 1692e(5), 1692e(10), and 1692f. Section 1692e provides as follows: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt". Under this Section, "the false representation of (A) the character, amount, or legal status of any debt; .... [and] (10) the use of any false representation or deceptive means to collect or attempt to collect any debt" constitutes a violation of this Section. Furthermore, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt". *Id.*

25. Defendant violated the provisions of the statutes in Paragraph 24 because they had no right to collect this debt.

26. Defendant's activities in collecting this debt were deceptive and misleading.

27. Defendant's collection techniques involved asking consumers to pay debts when they had no legal ability to ask for payment.

28. Defendant erroneously, deceptively, and deceitfully did not inform the consumer that the debt owed was being collected by the Defendant that in actuality had no authority to do business in New York and had absolutely no right to collect any money associated with such debt.

29. Any judgment obtained during Defendant's period of noncompliance is a nullity and of no legal force or effect.

30. Pursuant to the New York Limited Liability Law, the conduct of Defendant in collecting and attempting to collect monies owed when it was not allowed to collect

-4-

such monies, constitutes deceptive and materially misleading activity being directed at consumers and the public at large.

31.     As a result of the unlawful collection activity which the Defendant engaged in, Plaintiff is entitled to damages pursuant to GBL §349.

## AS AND FOR A FIRST CAUSE OF ACTION

### *Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

32.     Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty two (32) as if set forth fully in this cause of action.

33.     This cause of action is brought on behalf of Plaintiff and the members of two classes.

34.     Class A consists of all persons: (a) whom Defendant's records reflect resided within the State of New York who received telephonic messages from Defendant within one year prior to the date of the within complaint up to and including the date of the filing of this Complaint; (b) involving telephone messages which were placed without setting forth that the communication was from a debt collector; and (c) that the telephone messages were in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11).

35.     Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter: (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff within one year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the Plaintiff asserts that the letter contained violations of

-5-

15 U.S.C. §§ 1692, 1692e, 1692e(2)(a), 1692e(5), 1692e(10), and1692f, for doing

business when its authority to do so in New York had been suspended.

36.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and

preferable in this case because:

(a)   Based on the fact that form telephonic messages and form collection letters are at

the heart of this litigation, the class is so numerous that joinder of all members is

impracticable.

(b)   There are questions of law and fact common to the class and these questions

predominate over any question(s) affecting only individual class members. The

principal question presented by this claim is whether the Defendant violated the

FDCPA.

(c)   The only individual issue involves the identification of consumers who received

such telephonic messages and collection letters (*i.e.* the class members). This is

purely a matter capable of ministerial determination from the records of the

Defendant.

(d)   The claims of the Plaintiff are typical of those of the class members. All of

the respective class claims are based on substantially similar facts and legal

theories.

(e)   The Plaintiff will fairly and adequately represent the class members'

interests. The Plaintiff has retained counsel experienced in bringing

class actions and collection abuse claims. The Plaintiff's interests are

consistent with those of the members of the class.

37. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See*, 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

38. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

39. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

40. The Defendant's actions as set forth above in the within complaint violate the Fair Debt Collection Practices Act.

41. Due to the Defendant's violation of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE**, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

    (a)    Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

    (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
       June 25, 2012

Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1600 Avenue M, 2nd Floor
Brooklyn, New York 11230
Office: (718) 395-3459
Facsimile: (718) 408-9570
Mobile: (718) 772-3954
E-mail: mmaximov@mmaximov.com

Hashim Rahman, Esq.
Principal Trial Counsel
155 Water Street
Brooklyn, New York 11201
Office: (347) 433-6139
Facsimile: (347) 382-9457
Mobile: (914) 584-7183
E-mail: hrahman@rahmanlegal.com

Plaintiff requests trial by jury on all issues so triable.

Maxim Maximov, Esq.
Hashim Rahman, Esq.

-8-